**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **GIBSON GUITAR CORPORATION** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No:** |
| **v.** ) | |
| ) | **Jury Demand** |
| **HARMONIX MUSIC SYSTEMS, INC.;** ) | |
| **MTV NETWORKS (a division Viacom** ) | |
| **International, Inc.); and ELECTRONIC** ) | |
| **ARTS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Gibson Guitar Corporation, complaining of the Defendants herein, demands a jury trial and alleges as follows:

**THE PARTIES**

1.  Plaintiff, Gibson Guitar Corporation ("Gibson" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 309 Plus Park Boulevard, Nashville, TN 37217.

2.  Upon information and belief, Defendant Harmonix Music Systems, Inc. ("Harmonix") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 625 Massachusetts Avenue, Cambridge, MA 02139.

3.  Upon information and belief, Defendant MTV Networks ("MTV") is a division of Viacom International, Inc., which is a corporation organized under the laws of

the State of Delaware, having its principal place of business at 1515 Broadway, New York, NY 10036.

4. Upon information and belief, Defendant Electronic Arts, Inc. ("EA") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 209 Redwood Shores Parkway, Redwood City, California 94065.

5. Harmonix, MTV, and EA are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§1331, 1338(a) and 35 U.S.C. §271 et seq.

7. This Court has personal jurisdiction over Harmonix by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Harmonix has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

8. This Court has personal jurisdiction over MTV by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because MTV has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this

district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

9. This Court has personal jurisdiction over EA by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because EA has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## GENERAL ALLEGATIONS

10. Plaintiff Gibson is engaged in the business of developing, manufacturing and selling, musical instruments and related equipment and systems, including but not limited to electric guitars and acoustic guitars under the famous trademark Gibson® as well as other trademarks.

11. Gibson has been in the business of making guitars for over one hundred years. Gibson guitars are sold worldwide, have worldwide recognition and have won awards for their design.

12. Gibson is also is engaged in the business of developing, manufacturing and selling, selling music playing devices, systems and amplifiers, under various trademarks, but most notably, under the famous Wurlitzer® trademark.

13. Gibson is the sole owner of United States Patent No. 5,990,405 entitled "System And Method For Generating And Controlling A Simulated Musical Concert Experience," which issued on November 23, 1999 (the '405 Patent).

14. The inventors of the '405 Patent are Don R. Auten, of Nashville, Tennessee, Richard T. Akers of Antioch, Tennessee and Richard Gembar of Mount Juliet, Tennessee.

15. The '405 Patent is directed to systems and apparatuses for electronically simulating participation in a musical performance. A copy of the '405 Patent is attached hereto at Exhibit 1 and is incorporated by reference.

## THE INFRINGING PRODUCTS AT ISSUE

16. Defendants have and continue to manufacture and/or sell products that infringe, contribute to the infringement of and/or induce the infringement of at least claims 1, 13-15, 25 and 28 of the '405 Patent and/or have no other substantial non-infringing uses.

### The Guitar Hero® Series of Products

17. Upon information and belief, Defendant Harmonix created, developed, sold and/or induced the sale of a series of video games under the tradename, "Guitar Hero®," including but not limited to Guitar Hero® I, Guitar Hero® II, and Guitar Hero® Encore: Rock the 80s.

18. The Guitar Hero® series of video games were designed for use with various video game consoles, including but not limited to Sony Playstation® 2 and XBOX360®.

19. Various Guitar Hero® components, including but not limited to guitar style instruments, are sold separately and together with a one or more versions of the Guitar Hero® video games in a boxed set.

20.     The Guitar Hero® series of video games and the Guitar Hero® components, whether sold together with the Guitar Hero® video games or separately, are collectively referred to herein as the "Guitar Hero Products."

21.     The Guitar Hero Products created, developed and sold by Defendant Harmonix infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

22.     Upon information and belief, Defendants sold or caused to be sold the Guitar Hero Products into this district via several retailers of video games both with websites and physical stores located in Nashville, Tennessee and other cities in this district.

**The Rock Band® Series of Products**

23.     Upon information and belief, Defendant Harmonix created, developed and/or sold a series of video games under the tradename "Rock Band™."

24.     Upon information and belief, the Rock Band™ video games were developed for use with video game consoles, including but not limited to Sony Playstation® 2, Sony Playstation® 3, and XBOX360®.

25.     Various Rock Band™ components, including but not limited to guitar style instruments, drums, and microphones, are sold separately and together with a one or more versions of the Rock Band™ video games in a boxed set.

26.     The Rock Band™ series of video games and the Rock Band™ components, whether sold together with the Rock Band™ video games or separately, are collectively referred to herein as the "Rock Band Products."

27. The Rock Band Products created, developed and sold by Defendant Harmonix infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

28. Upon information and belief, Defendant MTV publishes, markets, sells, and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

29. Upon information and belief, Defendant EA is the exclusive distributor of the Rock Band Products and therefore sells and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

30. Upon information and belief, Defendants sold or caused to be sold the Rock Band Products into this district via several retailers of video games both with websites and physical stores located in Nashville, Tennessee and other cities in this district.

## COUNT I FOR PATENT INFRINGEMENT

31. Plaintiff Gibson repeats and realleges each and every allegation of paragraphs 1-30 as though fully set forth herein.

32. Upon information and belief, Defendants have either directly infringed, committed contributory infringement of, or induced infringement of, and continue to directly infringe, commit contributory infringement of, or induce infringement of the '405 Patent.

33. The aforesaid past acts and continuing acts of Defendants constitute willful infringement and/or if continued will constitute willful infringement of the '405 patent.

34. The aforesaid past acts and continuing acts of Defendants are in violation of 35 U.S.C. §271 et seq. of the Patent Act.

35. Gibson has been damaged and will continue to be damaged by the aforesaid infringement unless Defendants are enjoined, preliminarily and permanently, from selling and offering for sale infringing products or otherwise inducing or contributing to the infringement of the '405 Patent. Gibson has no adequate remedy at law.

WHEREFORE, Plaintiff prays for the following relief:

a) That the Defendants be adjudged to have infringed United States Patent No. 5,990,405;

b) That such infringement be deemed willful where appropriate;

c) that Defendants, their respective officers, agents, servants, employees and attorneys and all persons in active concert or in participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from infringing, contributing to infringement and inducing others to infringe the subject patent;

d) that Plaintiff be awarded its damages by reason of Defendants infringement of the subject patent;

e) that this case be deemed an exceptional case under 35 U.S.C. § 285 and plaintiff be awarded attorney fees and treble damages;

f) that Plaintiff be awarded its costs and expenses including reasonable attorney fees; and

g) that Plaintiff have such other and further relief which the Court may deem just or proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Gibson hereby demands a trial by jury of all issues so triable.

Dated: Nashville, Tennessee
March 20, 2008

Respectfully submitted,

/s/ Douglas R. Pierce
Douglas R. Pierce (No. 010084)
King & Ballow
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Tel: (615) 259-3456
Fax: (615) 726-5419

OF COUNSEL:

STROOCK & STROOCK & LAVAN LLP
Matthew W. Siegal
Richard Eskew
Jason M. Sobel
180 Maiden Lane
New York, New York 10038-4982
212-806-5400

*Attorneys for Plaintiff*
*Gibson Guitar Corporation*