# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>HARMONIX MUSIC SYSTEMS, INC., MTV NETWORKS, and ELECTRONIC ARTS INC.,<br><br>        Defendants. | Civil Action No. 3:08-0294<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>E. Clifton Knowles<br><br>**Jury Demand**<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANTS HARMONIX MUSIC SYSTEMS, INC. AND VIACOM INTERNATIONAL INC. (ERRONEOUSLY NAMED HEREIN AS "MTV NETWORKS") TO COMPLAINT FOR PATENT INFRINGEMENT** |

COME NOW defendants Harmonix Music Systems, Inc. and Viacom International Inc. (erroneously named herein as "MTV Networks"), and for their Answer to the Complaint of plaintiff Gibson Guitar Corporation ("Gibson") admit, deny, and allege as follows:

1. Answering Paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

2. Answering Paragraph 2, Defendants admit that Harmonix Music Systems, Inc. ("Harmonix") is a Delaware corporation with its principal place of business located at 625 Massachusetts Avenue, Cambridge, MA 02139.

3. Answering Paragraph 3, Defendants admit that MTV Networks ("MTVN") is a division of Viacom International Inc., which is a Delaware corporation with its principal place of business located at 1515 Broadway, New York, NY 10036.

4. Answering Paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

5. Answering Paragraph 5, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

6. Answering Paragraph 6, Defendants admit and allege that subject matter jurisdiction purports to be based on 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 271 *et seq*.

7. Answering Paragraph 7, Defendants deny each and every allegation except admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and specifically deny that Harmonix has committed, directly or indirectly, any act of patent infringement in this district or elsewhere.

8. Answering Paragraph 8, Defendants deny each and every allegation except admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and specifically deny that MTVN has committed, directly or indirectly, any act of patent infringement in this district or elsewhere.

9. Answering Paragraph 9, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). As for the remainder of Paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

10. Answering Paragraph 10, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

11. Answering Paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

12. Answering Paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

13. Answering Paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations, except admit and allege that U.S. Patent

No. 5,990,405 ("the '405 Patent"), on its face, bears the title and issuance date as set forth therein.

14. Answering Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations, except admit and allege that the '405 Patent, on its face, names the individuals identified therein as co-inventors.

15. Answering Paragraph 15, Defendants admit and allege that Exhibit 1 to the Complaint appears to be a copy of the '405 Patent, and that said patent speaks for itself. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 15.

16. Defendants deny each and every allegation of Paragraph 16, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

17. Answering Paragraph 17, Defendants admit that Harmonix developed *Guitar Hero I*, *Guitar Hero II*, and *Guitar Hero Encore: Rocks the 80s*. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 17, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

18. Answering Paragraph 18, Defendants admit and allege that *Guitar Hero I* and *Guitar Hero Encore: Rocks the 80s* were designed for use with the PlayStation 2, and that *Guitar Hero II* was designed for use with the PlayStation 2 and Xbox 360. Except as expressly admitted above, Defendants deny each and every remaining allegation of

Paragraph 18, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

19. Answering Paragraph 19, Defendants allege that they do not publish, distribute, or market the *Guitar Hero* video games identified in Paragraph 17, and therefore are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

20. Answering Paragraph 20, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

21. Defendants deny each and every allegation of Paragraph 21, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

22. Defendants deny each and every allegation of Paragraph 22, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

23. Answering Paragraph 23, Defendants admit that Harmonix created and developed *Rock Band*. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 23, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

24. Answering Paragraph 24, Defendants admit that *Rock Band* was developed for use with the PlayStation 2, PLAYSTATION 3, and Xbox 360. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 24,

and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

25. Answering Paragraph 25, Defendants admit that various game controllers compatible with *Rock Band* are sold separately as standalone peripherals and, in addition, are available and sold in conjunction with *Rock Band*. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 25, and specifically deny that they sell or distribute any musical instruments, either separately or together with *Rock Band*, and further specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

26. Answering Paragraph 26, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

27. Defendants deny each and every allegation of Paragraph 27, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

28. Answering Paragraph 28, Defendants deny each and every allegation except admit and allege that MTVN, together with Electronic Arts Inc., publishes and markets *Rock Band* and compatible game controllers, and specifically deny that MTVN has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

29. Answering Paragraph 29, Defendants deny each and every allegation except admit and allege that EA distributes *Rock Band* and compatible game controllers,

and specifically deny that said video game and controllers infringe, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

30. Defendants deny each and every allegation of Paragraph 30, except admit and allege that *Rock Band* and various compatible game controllers have been placed into commerce within this judicial district, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

31. Answering Paragraph 31, Defendants incorporate by this reference each and every admission, denial and allegation set forth in Paragraphs 1 through 30, inclusive, of this Answer.

32. Defendants deny each and every allegation of Paragraph 32, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

33. Defendants deny each and every allegation of Paragraph 33, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

34. Defendants deny each and every allegation of Paragraph 34, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

35. Defendants deny each and every allegation of Paragraph 35, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent and further specifically deny

that Gibson has been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of Defendants.

As and for their separate and affirmative defenses, Defendants allege as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement and Absence of Liability for Infringement)

36. Defendants, their products, and their processes have not infringed and do not infringe the asserted claims of the '405 Patent, nor have Defendants, or any of them, contributed to or induced infringement of the '405 Patent by any third party.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

37. The '405 Patent, and each and every asserted claim thereof, is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101 *et seq*.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

38. Gibson is barred by the doctrine of laches from asserting the '405 Patent against Defendants.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

39. Gibson is estopped by its conduct from asserting the '405 Patent against Defendants.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

40. Gibson has waived any objection to Defendants' actions as alleged in its Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Remedies at Law)

41. Gibson's remedies at law are adequate, such that equitable relief would be inappropriate for any determined infringement of the '405 Patent.

## COUNTERCLAIMS

Defendants assert the following Counterclaims against Gibson:

## JURISDICTION AND VENUE

1. Defendants' First and Second Counterclaims arise under 28 U.S.C. §§ 2201 and 2002 and seek declaratory relief as well as further relief based upon a declaratory judgment or decree. In the First Counterclaim, Defendants seek a judicial declaration that they do not infringe a United States patent. In the Second Counterclaim, Defendants seek a judicial declaration that a United States patent is invalid. This Court has original jurisdiction over the First and Second Counterclaims under 28 U.S.C. § 1338(a).

2. Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES

3. On information and belief, Counterclaim defendant Gibson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 309 Plus Park Boulevard, Nashville, TN 37217.

4.	Defendant and Counterclaim plaintiff Harmonix Music Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Cambridge, Massachusetts.

5.	Defendant and Counterclaim plaintiff Viacom International Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

## FIRST COUNTERCLAIM
### (For Declaratory Judgment of Non-Infringement of the '405 Patent)

6.	Defendants incorporate here the foregoing admissions, denials, and allegations.

7.	An actual controversy exists between Defendants, on the one hand, and Gibson, on the other hand, as to whether Defendants, their products, and their processes infringe, contribute to the infringement of, or induce infringement of the '405 Patent, as Gibson contends, or do not do so, as Defendants contend.

8.	By this Counterclaim, Defendants seek a declaration that they have not infringed and do not infringe the '405 Patent either literally or under the doctrine of equivalents. Further, Defendants seek a declaration that they have not contributed to or induced, and do not contribute to or induce, infringement of the '405 Patent by others. A judicial declaration is necessary and appropriate at this time in order that Defendants may ascertain their rights and duties with respect to the '405 Patent and with respect to any past, present, or future development, manufacture, use, importation, distribution, sale, or offer for sale of their products.

## SECOND COUNTERCLAIM
### (For Declaratory Judgment of Invalidity of the '405 Patent)

9. Defendants incorporate here the foregoing admissions, denials, and allegations.

10. An actual controversy exists between Defendants, on the one hand, and Gibson, on the other hand, as to whether the '405 Patent is valid, as Gibson contends, or is invalid for failure to comply with one or more of the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as Defendants contend.

11. By this Counterclaim, Defendants seek a declaration that the '405 Patent, and each and every asserted claim thereof, is invalid. A judicial declaration is necessary and appropriate at this time in order that Defendants may ascertain their rights and duties with respect to the '405 Patent and to any past, present, or future development, manufacture, use, importation, distribution, sale, or offer for sale of their products.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

A. That Gibson takes nothing by its Complaint and that its Complaint be dismissed;

B. That the Court determine and declare that Defendants, their products, and their processes have not infringed and do not infringe the '405 Patent;

C. That the Court declare that Defendants have not contributed to or induced, and do not contribute to or induce, infringement of the '405 Patent by others;

D. That the Court declare that the '405 Patent, and each and every asserted claim thereof, is invalid;

E. That the Court award Defendants their attorneys' fees and litigation expenses under 28 U.S.C. § 1927 and 35 U.S.C. § 285, or on any other applicable basis;

F. That the Court award Defendants their costs of suit; and

G. That Defendants receive such other and further relief as the Court deems appropriate.

Dated: April 14, 2008          Respectfully submitted,


By: /s/ Aubrey B. Harwell, III
    Aubrey B. Harwell, III


WILLIAM T. RAMSEY
AUBREY B. HARWELL, III
NEAL & HARWELL, PLC
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
Facsimile: (615) 726-0573


MARK A. SAMUELS (*pro hac vice*)
ROBERT M. SCHWARTZ (*pro hac vice*)
WILLIAM J. CHARRON (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407


Attorneys for Defendants Harmonix Music Systems, Inc. and Viacom International Inc. (erroneously named herein as "MTV Networks")

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2008, I caused a true and correct copy of the foregoing:

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS HARMONIX MUSIC SYSTEMS, INC. AND VIACOM INTERNATIONAL INC. (ERRONEOUSLY NAMED HEREIN AS "MTV NETWORKS") TO COMPLAINT FOR PATENT INFRINGEMENT**

to be served via the Court's electronic filing system upon the following counsel of record for plaintiff:

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5419

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400

                                              /s/ Aubrey B. Harwell, III
                                                Aubrey B. Harwell, III