# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>HARMONIX MUSIC SYSTEMS, INC., MTV NETWORKS, and ELECTRONIC ARTS INC.,<br><br>        Defendants. | Civil Action No. 3:08-0294<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>E. Clifton Knowles<br><br>**Jury Demand**<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT ELECTRONIC ARTS INC. TO COMPLAINT FOR PATENT INFRINGEMENT** |

COMES NOW defendant Electronic Arts Inc. ("EA"), and for its Answer to the Complaint of plaintiff Gibson Guitar Corporation ("Gibson") admits, denies, and alleges as follows:

1.      Answering Paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

2. Answering Paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

3. Answering Paragraph 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

4. Answering Paragraph 4, Defendant admits that EA is a Delaware corporation with its principal place of business located at 209 Redwood Shores Parkway, Redwood City, CA 94065.

5. Answering Paragraph 5, Defendant responds that said paragraph does not contain any factual allegations susceptible to admission or denial.

6. Answering Paragraph 6, Defendant admits and alleges that subject matter jurisdiction purports to be based on 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 271 *et seq*.

7. Answering Paragraph 7, Defendant admits and alleges that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and alleges that the remaining allegations in Paragraph 7 are not directed toward Defendant and therefore require no response. Except as expressly admitted above, Defendant denies each and all of the allegations contained in Paragraph 7.

8. Answering Paragraph 8, Defendant admits and alleges that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and alleges that the remaining allegations in Paragraph 8 are not directed toward Defendant and therefore

require no response.  Except as expressly admitted above, Defendant denies each and all of the allegations contained in Paragraph 8.

9. Answering Paragraph 9, Defendant denies each and every allegation except admits and alleges that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and specifically denies that EA has committed, directly or indirectly, any act of patent infringement in this district or elsewhere.

10. Answering Paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

11. Answering Paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

12. Answering Paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

13. Answering Paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations, except admits and alleges that U.S. Patent No. 5,990,405 ("the '405 Patent"), on its face, bears the title and issuance date as set forth therein.

14. Answering Paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that

basis, denies each of those allegations, except admits and alleges that the '405 Patent, on its face, names the individuals identified therein as co-inventors.

15. Answering Paragraph 15, Defendant admits and alleges that Exhibit 1 to the Complaint appears to be a copy of the '405 Patent, and that said patent speaks for itself. Except as expressly admitted above, Defendant denies each and every remaining allegation of Paragraph 15.

16. Defendant denies each and every allegation of Paragraph 16, and specifically denies that EA has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

17. Answering Paragraph 17, Defendant alleges that the allegations in Paragraph 17 are not directed toward Defendant and therefore require no response. Except as expressly admitted above, Defendant denies for lack of knowledge or information each and all of the allegations contained in Paragraph 17.

18. Answering Paragraph 18, Defendant alleges that it does not publish, distribute, or market the *Guitar Hero* video games identified in Paragraph 18, and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

19. Answering Paragraph 19, Defendant alleges that it does not publish, distribute, or market the *Guitar Hero* products identified in Paragraph 19, and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

20. Answering Paragraph 20, Defendant responds that said paragraph does not contain any factual allegations susceptible to admission or denial.

21. Answering Paragraph 21, Defendant alleges that it does not publish, distribute, or market the *Guitar Hero* products identified in Paragraph 21, and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

22. Answering Paragraph 22, Defendant alleges that it does not publish, distribute, or market the *Guitar Hero* products identified in Paragraph 22, and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each of those allegations.

23. Answering Paragraph 23, Defendant alleges that the allegations in Paragraph 23 are not directed toward Defendant and therefore require no response. Except as expressly admitted above, Defendant denies for lack of knowledge and information each and all of the allegations contained in Paragraph 23.

24. Answering Paragraph 24, Defendant admits that *Rock Band* was developed for use with the PlayStation 2, PLAYSTATION 3, and Xbox 360. Except as expressly admitted above, Defendant denies each and every remaining allegation of Paragraph 24, and specifically denies that *Rock Band* infringes, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

25. Answering Paragraph 25, Defendant admits that various game controllers compatible with *Rock Band* are sold separately as standalone peripherals and, in addition, are available and sold in conjunction with *Rock Band*. Except as expressly admitted

above, Defendant denies each and every remaining allegation of Paragraph 25, and specifically denies that any musical instruments are sold, either separately or together, with *Rock Band*, and further specifically denies that *Rock Band* and/or its compatible game controllers infringe, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

26. Answering Paragraph 26, Defendant responds that said paragraph does not contain any factual allegations susceptible to admission or denial.

27. Defendant denies each and every allegation of Paragraph 27, and specifically denies that *Rock Band* and/or its compatible game controllers infringe, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

28. Answering Paragraph 28, Defendant denies each and every allegation except admits and alleges that MTV Networks, together with EA, publishes and markets *Rock Band* and compatible game controllers, and specifically denies that said video game and/or controllers infringe, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

29. Answering Paragraph 29, Defendant denies each and every allegation except admits and alleges that EA distributes *Rock Band* and compatible game controllers, and specifically denies that said video game and/or controllers infringe, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

30. Defendant denies each and every allegation of Paragraph 30, except admits and alleges that *Rock Band* and various compatible game controllers have been placed into commerce within this judicial district, and specifically denies that EA has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

31. Answering Paragraph 31, Defendant incorporates by this reference each and every admission, denial and allegation set forth in Paragraphs 1 through 30, inclusive, of this Answer.

32. Defendant denies each and every allegation of Paragraph 32, and specifically denies that EA has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

33. Defendant denies each and every allegation of Paragraph 33, and specifically denies that EA has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

34. Defendant denies each and every allegation of Paragraph 34, and specifically denies that EA has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

35. Defendant denies each and every allegation of Paragraph 35, and specifically denies that EA has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent, and further specifically denies that Gibson has been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of EA.

As and for its separate and affirmative defenses, Defendant alleges as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement and Absence of Liability for Infringement)

36. Defendant's activities have not infringed and do not infringe the asserted claims of the '405 Patent, nor has Defendant contributed to or induced infringement of the '405 Patent by any third party.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

37. The '405 Patent, and each and every asserted claim thereof, is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101 *et seq*.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

38. Gibson is barred by the doctrine of laches from asserting the '405 Patent against Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

39. Gibson is estopped by its conduct from asserting the '405 Patent against Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

40. Gibson has waived any objection to Defendant's actions as alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Remedies at Law)

41. Gibson's remedies at law are adequate, such that equitable relief would be inappropriate for any determined infringement of the '405 Patent.

## COUNTERCLAIMS

Defendant asserts the following Counterclaims against Gibson:

## JURISDICTION AND VENUE

1. Defendant's First and Second Counterclaims arise under 28 U.S.C. §§ 2201 and 2002 and seek declaratory relief as well as further relief based upon a declaratory judgment or decree. In the First Counterclaim, Defendant seeks a judicial declaration that it does not infringe a United States patent. In the Second Counterclaim, Defendant seeks a judicial declaration that a United States patent is invalid. This Court has original jurisdiction over the First and Second Counterclaims under 28 U.S.C. § 1338(a).

2. Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES

3. On information and belief, Counterclaim defendant Gibson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 309 Plus Park Boulevard, Nashville, TN 37217.

4. Defendant and Counterclaim plaintiff Electronic Arts Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Redwood City, California.

## FIRST COUNTERCLAIM
### (For Declaratory Judgment of Non-Infringement of the '405 Patent)

5. Defendant incorporates here the foregoing admissions, denials, and allegations.

6. An actual controversy exists between Defendant, on the one hand, and Gibson, on the other hand, as to whether Defendant's activities infringe, contribute to the infringement of, or induce infringement of the '405 Patent, as Gibson contends, or do not do so, as Defendant contends.

7. By this Counterclaim, Defendant seeks a declaration that it has not infringed and does not infringe the '405 Patent either literally or under the doctrine of equivalents. Further, Defendant seeks a declaration that it has not contributed to or induced, and does not contribute to or induce, infringement of the '405 Patent by others. A judicial declaration is necessary and appropriate at this time in order that Defendant may ascertain its rights and duties with respect to the '405 Patent and with respect to any past, present, or future development, manufacture, use, importation, distribution, sale, or offer for sale of its products.

## SECOND COUNTERCLAIM
### (For Declaratory Judgment of Invalidity of the '405 Patent)

8. Defendant incorporates here the foregoing admissions, denials, and allegations.

9. An actual controversy exists between Defendant, on the one hand, and Gibson, on the other hand, as to whether the '405 Patent is valid, as Gibson contends, or

is invalid for failure to comply with one or more of the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, as Defendant contends.

10. By this Counterclaim, Defendant seeks a declaration that the '405 Patent, and each and every asserted claim thereof, is invalid. A judicial declaration is necessary and appropriate at this time in order that Defendant may ascertain its rights and duties with respect to the '405 Patent and to any past, present, or future development, manufacture, use, importation, distribution, sale, or offer for sale of its products.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

A. That Gibson takes nothing by its Complaint and that its Complaint be dismissed;

B. That the Court determine and declare that Defendant's activities have not infringed and do not infringe the '405 Patent;

C. That the Court declare that Defendant has not contributed to or induced, and does not contribute to or induce, infringement of the '405 Patent by others;

D. That the Court declare that the '405 Patent, and each and every asserted claim thereof, is invalid;

E. That the Court award Defendant its attorneys' fees and litigation expenses under 28 U.S.C. § 1927 and 35 U.S.C. § 285, or on any other applicable basis;

F. That the Court award Defendant its costs of suit; and

G. That Defendant receive such other and further relief as the Court deems appropriate.

Dated: April 18, 2008  Respectfully submitted,

By: /s/ Aubrey B. Harwell, III
 Aubrey B. Harwell, III


WILLIAM T. RAMSEY
AUBREY B. HARWELL, III
NEAL & HARWELL, PLC
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
Facsimile: (615) 726-0573


MARK A. SAMUELS (*pro hac vice*)
ROBERT M. SCHWARTZ (*pro hac vice*)
WILLIAM J. CHARRON (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407


Attorneys for Defendant Electronic Arts Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2008, I caused a true and correct copy of the foregoing:

**ANSWER AND COUNTERCLAIMS OF DEFENDANT ELECTRONIC ARTS INC. TO COMPLAINT FOR PATENT INFRINGEMENT**

to be served via the Court's electronic filing system upon the following counsel of record for plaintiff:

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5419

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400

         /s/ Aubrey B. Harwell, III
         Aubrey B. Harwell, III