# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>   Plaintiff,<br><br>  v.<br><br>HARMONIX MUSIC SYSTEMS, INC., MTV NETWORKS, and ELECTRONIC ARTS INC.,<br><br>   Defendants. | **Civil Action No. 3:08-0294**<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>Juliet E. Griffin<br><br>**Jury Demand** |

## MOTION FOR HEARING ON DEFENDANTS' MOTION FOR A STAY PENDING U.S.P.T.O.'S REEXAMINATION OF THE PATENT IN SUIT

Pursuant to Local Rule 78.01, Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named in the Complaint as "MTV Networks"), and Electronic Arts Inc. (collectively, "Defendants") respectfully request the Court set a hearing on the contemporaneously filed Motion For a Stay Pending U.S.P.T.O's Reexamination of Plaintiff's Sole Patent at Issue in this Case.

There is only one piece of intellectual property at issue in this action: U.S. Patent No. 5,990,405 ("the '405 Patent"). On April 24, 2008, a Request for *Ex Parte* Reexamination of the '405 Patent was filed with the PTO. The request, which raises a substantial new question of patentability, asks the PTO to cancel some or all of the claims in the patent based on substantial prior art, or to narrow the scope of the patent's claims with regard to their potential coverage of Defendants' activities. Indeed, even if the claims survive, but are narrowed by the patentee, a result that occurs frequently, this will have a significant impact on claim construction, and Gibson will be unable to collect any damages prior to the date its patent emerges from reexamination.

The benefits of allowing the PTO to resolve the validity of the Plaintiff's patent claim prior to proceeding with litigation substantially outweigh any minimal prejudice to Plaintiff that might result from a stay. The advantages of a stay are tremendous: until the PTO's reexamination is complete, the patent claims are a moving target subject to cancellation, amendment, or the addition of new claims. The indeterminate status of the claims will complicate and frustrate any orderly procession of this action, leaving the Court and the parties with insufficient guidance on issues such as the proper scope of

discovery, claim construction, and which (if any) patent claims will ultimately be in dispute at trial.  The Court's construction of any relevant patent claims that survive reexamination will benefit from the PTO's technical expertise in considering the prior art cited in the reexamination request.  On the other side of the equation, any possible prejudice to Plaintiff that might result from a stay is negligible.

Because a stay pending reexamination will have a significant impact on the procession of this case, it is imperative that counsel have the opportunity to fully articulate their positions and respond to the Court's concerns with respect to staying this action pending the PTO's reexamination of the only patent at issue in this case.  Thus, Defendants respectfully request the Court set a hearing on Defendants' Motion.

Dated: May 6, 2008                    Respectfully submitted,


                                      By: /s/ Aubrey B. Harwell, III
                                           Aubrey B. Harwell, III


                                      WILLIAM T. RAMSEY, No. 9245
                                      AUBREY B. HARWELL, III, No. 17394
                                      NEAL & HARWELL, PLC
                                      Suite 2000, One Nashville Place
                                      150 4th Avenue North
                                      Nashville, TN 37219-2498
                                      Telephone:   (615) 244-1713
                                      Facsimile:   (615) 726-0573

                                      MARK A. SAMUELS (*pro hac vice*)
                                      ROBERT M. SCHWARTZ (*pro hac vice*)
                                      WILLIAM J. CHARRON (*pro hac vice*)
                                      O'MELVENY & MYERS LLP
                                      400 South Hope Street
                                      Los Angeles, CA 90071-2899
                                      Telephone:   (213) 430-6000
                                      Facsimile:   (213) 430-6407

                                      Attorneys for Defendants Harmonix Music
                                      Systems, Inc., Viacom International Inc.
                                      (erroneously named in the Complaint as
                                      "MTV Networks"), and Electronic Arts
                                      Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May 2008, I caused a true and correct copy of the foregoing:

**MOTION FOR HEARING ON DEFENDANTS' MOTION FOR A STAY PENDING U.S.P.T.O.'S REEXAMINATION OF THE PATENT IN SUIT**

to be served via hand delivery and via the Court's electronic filing system upon the following counsel of record for plaintiff:

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5419

and to be served via the Court's electronic filing system upon the following counsel of record for plaintiff:

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400

            /s/ Aubrey B. Harwell, III
            Aubrey B. Harwell, III

LA2:860226.1