# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORP., | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) **Civil Action No. 3:08-0294** |
| v. | ) |
| | ) Judge Thomas A. Wiseman, Jr. |
| HARMONIX MUSIC SYSTEMS, INC., | ) Magistrate Judge Juliet Griffin |
| MTV (A DIVISION OF VIACOM | ) |
| INTERNATIONAL, INC.), AND | ) |
| ELECTRONIC ARTS, INC., | ) |
| | ) |
|     DEFENDANTS. | ) |

_____

### GIBSON GUITAR CORP.'S RESPONSE, OPPOSING IN PART AND JOINING IN PART, DEFENDANTS' MOTION FOR A STAY PENDING U.S.P.T.O.'S REEXAMINATION OF THE PATENT IN SUIT

_____

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ................................................................................1

II.  STATEMENT OF FACTS .....................................................................................3

III. ARGUMENT.........................................................................................................5

   A.  Partial Stay Pending Reexamination Will Simplify The Issues In This
       Case..............................................................................................................6

   B.  Early Stage of the Proceedings ....................................................................9

   C.  Tactical Disadvantage to Non-Moving Party ..............................................9

IV.  CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

## CASES

Bloom Engineering Co., Inc. v. N. America Manufacturing Co., Inc.,
  129 F.3d 1247 (Fed. Cir. 1997)..................................................................................8

In re Cygnus Telecommunications Tech., LLC,
  385 F. Supp. 2d 1022 (N.D.Cal. 2005) ....................................................................6, 7

Digital Magnetic System, Inc. v. Ansley,
  1982 WL 52160 .........................................................................................................9

Donnelly Corp. v. Guardian Industries Corp.,
  2007 WL 3104794 (E.D.Mich. 2007) .......................................................................6

E.I. du Pont de Nemours & Co. v. Philips Petroleum Co.,
  849 F.2d 1430 (Fed. Cir. 1988)..................................................................................7

Ethicon, Inc. v. Quigg,
  849 F.2d 1422 (Fed. Cir. 1988)...............................................................................2, 5

Gonnocci v. Three M Tool & Machine, Inc.,
  68 U.S.P.Q. 2d 1755 (E.D. Mich. 2003) ...................................................................6

Gould v. Control Laser Corp.,
  705 F.2d 1340 (Fed. Cir. 1988)...............................................................................2, 6

Ian Whatley v. Nike, Inc.,
  54 U.S.P.Q. 2d 1124 (D.Or. 2000)............................................................................5

Iljin USA v. NTN Corp.,
  2006 WL 568351 (E.D.Mich. 2006) .........................................................................6

Laitram Corp. v. NEC Corp.,
  163 F.3d 1342 (Fed. Cir. 1998)..................................................................................8

Landis v. North American Co.,
  299 U.S. 248 (1936)...................................................................................................5

In re Laughlin Products, Inc.,
  265 F. Supp. 2d 525 (E.D.Pa. 2003) ................................................................. 6, 8, 9

Lincoln Electric Co. v. Miller Electric Manufacturing Co.,
  2007 WL 2670039 (N.D.Ohio 2007).........................................................................6

Nilssen v. Universal Lighting Techs., Inc.,
 2006 WL 38909 (M.D.Tenn. 2006) ...........................................................2, 5, 8, 9

Softview Computer Products Corp. v. Haworth, Inc.,
 2000 WL 1134471 (S.D.N.Y. August 10, 2000) ............................................7, 9

Xerox Corp. v. 3Com Corp.,
 69 F. Supp. 2d 404 (W.D.N.Y. 1999) ..................................................................6

## STATUTES

35 U.S.C. § 301, *et seq*..............................................................................................6

37 C.F.R. §§ 1.56, 1.501, 1.502, 1.555 .............................................................2, 3, 7

Plaintiff Gibson Guitar Corp. ("Gibson" or "Plaintiff") joins, in part, and opposes, in part, the motion of Defendants Harmonix Music Systems, Inc., Viacom International Inc., and Electronic Arts, Inc., (collectively, the "Defendants") seeking to stay this action pending the United States Patent & Trademark Office's reexamination of the patent in suit.

Defendants filed the same motion in the Gibson Guitar Corp. v. Wal-Mart Stores, Inc. et al., Civil Action No. 3:08-0279 (TAW)/(JG) (Wal-Mart) (the "Retailer Action"). Gibson raised the issue of consolidating the instant case and the Retailer Action with Magistrate Judge Griffin. The Defendants in the instant case are also parties to the Retailer Action and the accused products in the instant case are also at issue in Wal-Mart. Gibson respectfully request that the Court consolidate this action with Wal-Mart as all the relevant parties are present there and all the accused products are at issue.[1] However, since no order of consolidation or the like has yet to be issued, Gibson respectfully submits a response to Defendants instant motion, which is similar to Gibson's response in Wal-Mart.

## I. PRELIMINARY STATEMENT

Defendants' motion seeks to stay this entire action pending the United States Patent & Trademark Office's (the "PTO") reexamination of United States Patent No. 5,990,405 ("the '405 Patent"), the only patent in suit.[2] By this response, Gibson requests that this Court only partially stay this case pending the PTO's reexamination of the '405 Patent. The interests of judicial efficiency that warrant the granting of a stay are also promoted by requiring the parties to commence certain limited discovery.

On May 29, 2008, subsequent to Defendants' instant motion, the PTO granted

---

[1] Gibson has not merely sought to dismiss this case because the defendants in the Retailer Action, this action, and the Los Angeles action have asserted various procedural positions based on the dates that the various actions were filed. Thus, Gibson is reluctant to simply dismiss this case given that the Defendants herein were added to the Retailer Action after this case was filed.

[2] Defendants brought the instant motion without seeking Gibson's position on whether the Court should grant a stay of this action. Gibson regrets any inconvenience to the Court caused by the absence of the parties conferring to narrow the issues in this motion.

- 1 -

Defendants' request for *ex parte* reexamination of the '405 Patent filed by Defendants. (Declaration of Jason M. Sobel, Esq. ("Sobel Dec."), Ex. A (United States Patent and Trademark Office's Order and Decision Granting *Ex Parte* Reexamination of the '405 Patent).) The PTO's action was no surprise, as Defendants accurately cite statistics that show that over the past few years, the PTO has granted 92 to 97% of all requests for *ex parte* reexamination. Defendant's Memorandum In Support of Motion For A Stay Pending U.S.P.T.O.'s Reexamination Of The Patent In Suit (Defs.' Memo.at 2.) The PTO's *ex parte* reexamination statistics also demonstrate, however, that 90% of all *ex parte* reexaminations result in the patent surviving with either the claims confirmed as they issued or with some of the claims changed. (Declaration of William J. Charron ("Charron Decl."), Ex. C. at p.2.) Accordingly, the PTO's statistics demonstrate that, in all likelihood, after reexamination is complete, this infringement lawsuit will proceed on either the identical or an amended form of the '405 Patent.

Accordingly, partially staying the current action pending reexamination has merit because the reexamination process provides an efficient means for the PTO to review the validity of the '405 Patent and facilitate a trial on the issue of validity by providing the district court with the expert view of the PTO. Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1988); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988); Nilssen v. Universal Lighting Techs., Inc., 2006 WL 38909, *1 (M.D.Tenn. 2006). Additionally, staying the Markman process of claim interpretation and related discovery ensures that this Court's claim interpretation efforts will only be performed once, as reexamination could result in additional prosecution history and changes to claims that must be considered by the Court during a subsequent claim construction.

However, allowing certain discovery to proceed that is not affected by reexamination, during the PTO's reexamination of the '405 patent, also promotes the interests of judicial economy. For example, the court should allow discovery of prior art to ensure that the PTO has everything relevant before it when it reexamines the patent. See 37 C.F.R. § 1.555 ("The public interest is best served, and the most effective reexamination occurs when, at the time a reexamination proceeding is being conducted, the Office is aware of and evaluates the teachings

- 2 -

NY 71510269

of all information material to patentability in a reexamination proceeding."); 37 C.F.R. §§ 1.56, 1.555 (provides that during reexamination patent owner has duty to disclose prior art that is material to patentability); 37 C.F.R. §§ 1.501(a), 1.502 (providing procedure for submission of prior art by patent owner or reexamination requestor during pendency of *ex parte* reexamination).

Additionally, allowing the parties to exchange document discovery allows the case to proceed expeditiously after reexamination is complete. For example, discovery relating to sales and marketing of the accused products is an area of discovery that will not be affected by reexamination. Accordingly, a complete stay of this action does not produce optimum judicial efficiency. However, the court should stay all depositions, expert discovery, and discovery related to claim interpretation, as they are more likely to be affected by reexamination. Therefore, Gibson requests that the Court exercise its sound discretion and craft a stay in this case in a manner that will most likely promote the interest of judicial efficiency.

## II.   STATEMENT OF FACTS

On March 17, 2008, Gibson filed a complaint in Wal-Mart against retailers Wal-Mart Stores, Inc., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc. alleging that the '405 patent was infringed by a series of video games and peripherals sold under the "Guitar Hero®" name ("Guitar Hero Products"). Wal-Mart, D.E. 1.

On March 20, 2008, Gibson filed the complaint in the instant action against Harmonix Music Systems, Inc., Viacom International Inc., Electronic Arts, Inc. alleging that the '405 patent was infringed by a series of video games and peripherals sold under the "Rock Band™" name ("Rock Band Products"). (Docket Entry (D.E.) 1).

Since, the Retailers Defendants in the original Wal-Mart complaint also sold the Rock Band Products and since Harmonix Music Systems developed the Guitar Hero Products, in order to consolidate all claims in one action, on April 4, 2008, Gibson filed an Amended Complaint in the Wal-Mart case adding Harmonix Music Systems, Inc., Viacom International Inc., Electronic

Arts, Inc. and retailer Sears, Roebuck and Co. Gibson agrees that this action should be consolidated with Wal-Mart.

On May 6, 2008, the Defendants in the instant action moved this Court to dismiss them from the Wal-Mart case, a case where all the parties were present and all the products were involved, in favor of continuing to litigate this separate action. Wal-Mart, D.E. 49. Also in the Wal-Mart case, on May 1, 2008, the Retailer Defendants[3] moved to dismiss or, in the alternative, to stay this action in favor of a pending case in the Central District of California. Wal-Mart, D.E. 37. Neither the Retailer Defendants nor Harmonix, the creator of the infringing products sold by the Retailer Defendants, are parties to the California action. Oppositions to these motions to dismiss were separately briefed by Gibson. Essentially, Gibson is in favor of proceedings with all parties and claims in one action before this Court.

In the instant case, on April 14, 2008, Defendants Harmonix Music Systems, Inc., Viacom International, Inc. filed its Answer and Counterclaims. (D.E. 15.) On April 18, 2008, Defendant Electronic Arts, Inc. filed its Answer and Counterclaims. (D.E. 18.) On May 5, 2008, Gibson filed its answer to the counterclaims of Defendants Harmonix Music Systems, Inc., Viacom International, Inc. (D.E. 23.) On May 7, 2008, Gibson filed its answer to the counterclaims of Defendant Electronic Arts, Inc. (D.E. 33.) On April 23, 2008, Gibson served its First Set of Requests For Documents and Things on Defendants. On May 12, 2008, during a status conference with Magistrate Judge Griffin, the parties agreed to stay the response to Gibson's discovery requests pending the outcome of the instant motion and the motions to dismiss in the Wal-Mart case. (D.E. 36.)

---

[3] The term "Retailer Defendants" means collectively Wal-Mart Stores, Inc., Target Corporation, Kmart Corporation, Sears, Roebuck and Co., Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc.

## III. ARGUMENT

The Court has the power to stay proceedings as a result of its inherent power to control the disposition of cases on its docket with economy of time and effort for the court and the parties.[4] Landis v. North American Co., 299 U.S. 248, 254 (1936). In this instant case, the Court has broad discretion as to whether to grant a stay pending the PTO's reexamination of the '405 Patent. See Ethicon, 849 F.2d at 1426-27; Nilssen, 2006 WL 38909 at *1. The Court has the flexibility to craft a stay in a manner that best suits the facts of this case. See Ian Whatley v. Nike, Inc., 54 U.S.P.Q. 2d 1124, 1126 (D.Or. 2000). For example, in Whatley, the Court found that it had discretion to grant a stay as to some or all of the court proceedings, and for some or all of the length of the reexamination proceedings. Id. Specifically, the Court stated:

> The court clearly has the discretion to do any of the following: (1) grant a complete stay of all matters pending the final outcome of the PTO reexamination proceedings; (2) grant a partial stay of these proceedings (e.g. stay the motions but allow discovery to proceed) pending a final PTO ruling; (3) grant a partial stay of all or part of these proceedings pending the PTO's initial review, but not any appeal; and (4) deny the motion to stay in its entirety.

Id.

District courts consider the following three factors as guidelines in balancing the interests of judicial efficiency and determining whether to stay proceedings pending the PTO's reexamination of a patent in suit:

> (1) whether a stay will simplify the issues in question and trial of the case;
>
> (2) whether discovery is complete and whether a trial date has been set; and
>
> (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

---

[4] The PTO's grant of reexamination does not provide an automatic stay of pending district court proceedings. Nilssen, 2006 WL 38909, *2 (citing H.R.Rep. No. 1307 Part 1, 96th Cong., 2nd Sess. 4, reprinted in 1980 U.S.C.C.A.N. 6460, 6463).

Gonnocci v. Three M Tool & Mach., Inc., 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003); Lincoln Elec. Co. v. Miller Elec. Mfg. Co., 2007 WL 2670039, 1-2* (N.D.Ohio 2007); Donnelly Corp. v. Guardian Indus. Corp., 2007 WL 3104794, *4 (E.D.Mich. 2007); In re Laughlin Prods., Inc., 265 F. Supp. 2d 525, 530 (E.D.Pa. 2003); Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

In evaluating the foregoing factors, this Court, like other district courts, should consider whether granting a stay, but allowing limited discovery on certain issues, will further judicial efficiency more than a stay of the entire case. See, e.g., In re Laughlin Prods., Inc., 265 F. Supp. 2d 525, 538 (E.D.Pa. 2003) (granting partial stay pending reexamination but allowing, among other discovery, limited discovery pertaining to issues of infringement and validity, including document discovery and deposition of two individuals by plaintiff and two individuals by defendants); In re Cygnus Telecomm. Tech., LLC, 385 F. Supp. 2d 1022, 1025-26 (N.D.Cal. 2005) (granting stay pending PTO's reexamination except for, *inter alia*, the filing of defendants invalidity contentions and document production accompanying invalidity contentions); see also Iljin USA v. NTN Corp., 2006 WL 568351, *2 (E.D.Mich. 2006) (When considering a stay, "it is unassailable that issues of judicial economy and balancing the interests of the parties and the Court are to be taken into account.").

### A. Partial Stay Pending Reexamination Will Simplify The Issues In This Case

A reexamination proceeding is an administrative proceeding conducted by the PTO for the purpose of determining the validity of an existing patent. See 35 U.S.C. § 301, *et seq*. A reexamination is granted if the existence of prior art consisting of patents or printed publications creates a substantial new question of patentability concerning any claim of the patent. Id. at § 303. In the instant case, the PTO has granted the reexamination request of the Viacom Defendants with respect to many of the claims of the '405 Patent. (Sobel Dec. Ex. A.)

The purpose of reexamination is either to eliminate trial of the issue of patent claim validity, in the case where a claim is canceled, or more likely, when a claim survives

reexamination (as occurs in 90% of reexaminations), to facilitate trial of that issue by providing the Court with the expert view of the PTO with regard to the prior art. Gould, 705 F.2d at 1342; Softview Computer Prods. Corp. v. Haworth, Inc., 2000 WL 1134471, *3 (S.D.N.Y. Aug. 10, 2000). Additionally, as Defendants' motion accurately demonstrates, a stay will simplify the court's claim construction because a court considers the intrinsic record of a patent during claim construction and a stay allows for a full development of the intrinsic record of the '405 patent. See Defs.' Memo. at 11-12 (citing E.I. du Pont de Nemours & Co. v. Philips Petroleum Co., 849 F.2d 1430, 1439 (Fed. Cir. 1988) (holding that statements made during reexamination proceedings are part of the relevant prosecution history for claim interpretation).

Notwithstanding the fact that Gibson agrees that a stay as to certain discovery (particularly claim construction and expert discovery) is the most efficient course for proceeding, the interests of judicial economy that are balanced by the application of this factor are not served by a complete stay of the proceedings. For example, staying discovery of prior art known to Defendants, but not part of the reexamination, will not simplify the issues of validity. In fact, the reverse is true. Allowing document discovery relating to prior art during the pendency of the reexamination will identify whether Defendants are aware of additional invalidity grounds they withheld from the PTO and enable Gibson to make that additional prior art of record in the reexamination. See supra at 2-3 (citing 37 C.F.R. §§ 1.555, 1.501(a), 1.502, 1.56). Allowing for the potential for prior art to go undiscovered until after reexamination will only thwart the purpose of the stay. For example, in Cygnus Telecomm, a district court recognized the interests of early discovery of all prior art when it granted a partial stay pending reexamination and allowed certain invalidity discovery to proceed. Cygnus Telecomm, 385 F. Supp. 2d at 1025-26.

Additionally, document discovery in a case with as many parties as this one is likely to become protracted and prevent the expedient progression of this case when the patent likely emerges from reexamination. Allowing document discovery to proceed is akin to allowing a runner to lace up his track shoes before he gets to the starting block. When the PTO completes reexamination, with document discovery substantially completed, the court and the parties will

be able to expedite the process of moving forward to trial.

The district court in <u>Laughlin Products</u> recognized that the best way to serve the interests of judicial economy was not to stay the entire case, but to selectively stay certain parts of the case that would be simplified by reexamination but allow discovery that would be unaffected by the reexamination to proceed. <u>Laughlin Prods.</u>, 265 F. Supp. 2d at 538. In <u>Laughlin Products</u>, the district court entered a partial stay, but allowed limited discovery with respect to the issues of infringement and validity. <u>Id.</u> Specifically, on the issues of infringement and validity, the court allowed plaintiff to depose two individuals, defendants to depose two individuals, and both sides to conduct document discovery. <u>Id.</u> Additionally the <u>Laughlin Products</u> court allowed discovery on other claims that were separate from the infringement and validity issues. <u>Id.</u>

This Court should also grant discovery of the Defendants with respect to issues of damages and how the products are marketed. After reexamination is complete, in all likelihood there will still be an infringement case and the amount of the Guitar Hero Products and Rock Band Products sold and how they are sold will be relevant issues for discovery. Contrary to Defendants' suggestion, it is not true that no damages will be available if the claims of the '405 Patent are changed after reexamination. See <u>Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.</u>, 129 F.3d 1247, 1250 (Fed. Cir. 1997); <u>Laitram Corp. v. NEC Corp.</u>, 163 F.3d 1342, 1346 (Fed. Cir. 1998). The Federal Circuit in <u>Bloom</u> and <u>Laitram</u> held that "identical" does not mean verbatim, but means without substantive change. <u>Id.</u> Claims are without substantive change so long as the scopes of the claims are the same after reexamination, even if the words are different. <u>Id.</u> Thus, if after reexamination of the '405 patent, an amendment is made to clarify the text of a claim without effecting its scope, there will be no effect on Gibson's right to collect damages that accrued prior to the patent's emergence from the PTO's reexamination. <u>Bloom</u>, 129 F.3d at 1250.

Defendants' cite <u>Nilssen</u>, where this Court granted a stay and denied plaintiffs' request to take discovery of defendant's expert for the purpose of using his testimony in the PTO reexamination proceedings. (Defs. Memo. at 6.) However, <u>Nilssen</u> presents a significantly

different factual situation. First, Nilssen is distinguishable from the instant case because in Nilssen, discovery was closed, motions for summary judgment were pending and the plaintiffs' failed to depose defendant's expert during the pendency of expert discovery. Nilssen, 2006 WL 38909, *2-3. Secondly, Gibson is not seeking expert discovery, or even deposition, but paper and electronic discovery of issues that will not be affected by a potential change in claim wording or even scope.

### B. Early Stage of the Proceedings

Gibson agrees that the procedure of staying proceedings pending reexamination is an inexpensive means of determining patent validity, which should be deferred to where infringement litigation is in its early stages. See Softview, 2000 WL 1134471 at *1; Digital Magnetic Sys., Inc. v. Ansley, 1982 WL 52160, at *1. As explained by Defendants, the infant stage of this case weighs in favor of granting a stay. Additionally, Defendants accurately argue that the outcome of reexamination may encourage a settlement or reduce the complexity of the length of the litigation. (See Defs.' Memo. at 10.) However, Defendants request for a complete stay belies their argument. As explained above, allowing certain limited discovery to proceed while staying the balance of the proceedings will achieve the optimum efficiency and reduce the complexity and length of the litigation. See, e.g., Laughlin Prods., 265 F. Supp. 2d at 538. Also, certain discovery, such as discovery as to the extent of Defendants' sales will be helpful, if not necessary, to settle the case after reexamination.

### C. Tactical Disadvantage to Non-Moving Party

All parties to this case have joined in moving the Court to grant at least a partial stay of the proceedings pending the result of the PTO's reexamination of the '405 Patent. Accordingly, an analysis of whether there is a tactical disadvantage to the non-moving party is mooted with respect to whether some type of stay should be granted. However, there are tactical disadvantages to Gibson if the Court were to stay the entire case.

As explained above, indiscriminately granting a stay of all discovery will disadvantage

Gibson for several reasons. Without prior art discovery, there is a risk that Defendants will withhold certain prior art from Gibson until after reexamination is complete and Gibson and the Court will have missed out on the opportunity to receive the PTO's view of such prior art. Secondly, failing to commence document discovery in a case with so many parties, where document discovery is likely to become protracted, will prevent expedient progression of this case when the patent emerges from reexamination. Allowing limited document discovery to proceed will bring the Court and the parties closer to an outcome without danger that these discovery efforts will be duplicated.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion, in part, and consistent with Gibson's alternative proposed order granting a stay of discovery with respect to claim interpretation and expert discovery but allowing certain limited discovery. Specifically, as set forth in the proposed order submitted herewith, the Court should (i) allow the parties to engage in document discovery unrelated to claim interpretation and expert issues; (ii) allow discovery with respect to prior art that Defendants assert renders the patent invalid; and (iii) allow discovery with respect to damages and how the accused products are marketed; but (iv) stay discovery relating to claim interpretation; (v) stay expert discovery; and (vi) stay all depositions.

Dated: Nashville, Tennessee
   June 4, 2008        Respectfully submitted,

                _____
                Douglas R. Pierce, BPR No. 10084
                KING & BALLOW
                1100 Union Street Plaza
                315 Union Street
                Nashville, Tennessee 37201
                (615) 259-3456

                STROOCK & STROOCK & LAVAN LLP
                Matthew W. Siegal (*pro hac vice*)
                Angie M. Hankins (*pro hac vice*)
                Richard Eskew (*pro hac vice*)
                Jason M. Sobel (*pro hac vice*)
                180 Maiden Lane
                New York, New York 10038-4982
                212-806-5400

                Attorneys for Plaintiff
                Gibson Guitar Corporation

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to:

William Taylor Ramsey (No. 9245)
Aubrey B. Harwell, III (No. 17394)
NEAL & HARWELL
150 Fourth Avenue, North
2000 First Union Tower
Nashville, TN 37210
(615) 244-1713

Mark A Samuels
Robert M. Schwartz
William J. Charron
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
(213) 430-6000

on this the _____ day of June, 2008.

By: /s/ Douglas R. Pierce\_\_\_\_\_
Douglas R. Pierce

NY 71510269