IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GIBSON GUITAR CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:08-cv-0294 |
| ) | |
| **HARMONIX MUSIC SYSTEMS, INC.,** ) | Judge Thomas A. Wiseman, Jr. |
| **ELECTRONIC ARTS, INC., and** ) | |
| **VIACOM INTERNATIONAL, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER OF DISMISSAL

This case is in an unusual procedural posture. On March 17, 2008, the plaintiff here, Gibson Guitar Corporation ("Gibson") initiated a different action in this Court by filing a complaint asserting patent infringement and naming as defendants Wal-Mart Stores, Inc., Target Corporation, K-Mart Corporation, Amazon.com, Inc., GameStop Corporation and Toys-R-Us, Inc. *Gibson Guitar Corp. v. Wal-Mart Stores, Inc. et al.*, Case No. 3:08-cv-0279 (M.D. Tenn. March 17, 2008) (the " '279 Action"). On March 20, 2008, Gibson filed the present action again asserting patent infringement based on the same patent but a different allegedly infringing product, naming as defendants Harmonix Music Systems, Inc., MTV (a division of Viacom International, Inc.) and Electronic Arts, Inc. (collectively, the "Viacom Defendants"). (Doc. No. 1.) Just over two weeks later, on April 4, 2008, Gibson amended its complaint in the '279 Action to add one new Retailer Defendant, Sears, Roebuck & Co., and, at the same time, to add the Viacom Defendants and the exact claims asserted against those defendants in this action.[1] Pursuant to an agreement among the parties that Viacom International Inc. rather than MTV was the appropriate party, the Magistrate Judge entered an Order on May 13, 2008 that the Clerk terminate MTV as a party and substitute therefor Viacom International Inc. (Doc. No. 36.)[2]

---

[1] The Amended Complaint in '279 Action also included new allegations of infringing activities against the original Retailer Defendants.

[2] A parallel order to the same effect was entered about the same time in the '279 Action.

The same Order provided that (1) discovery in this case would be held in abeyance until resolution of various pending motions to dismiss or stay in the '279 Action; (2) consideration of whether to consolidate this matter with the '279 Action would likewise be deferred pending resolution of those motions; and (3) entry of a case management order in this case was likewise deferred indefinitely. The plaintiff was, however, directed to file its response in opposition to the defendants' motion for a stay pending reexamination of the patent in suit by the United States Patent and Trademark Office (Doc. No. 25), filed on May 6, 2008. An identical motion is likewise pending in the '279 Action, filed on May 7. Virtually identical responses and replies to said motions have been filed in both actions. There are no other pending motions in this action and, as far as this Court can tell, nothing has been filed in this action that has not also been filed, in virtually identical form, in the '279 Action. Conversely, there are motions pending in the '279 Action that have not been filed in this case.

For instance, one of the motions pending in the '279 Action is a motion by the Viacom Defendants to dismiss the claims asserted against them in the amended complaint in that action, on the basis that they are completely duplicative of the claims asserted in this action. Gibson, in its response in opposition to that motion, does not deny that the claims are identical but nonetheless resists dismissal, asserting that the motion to dismiss is "premature" and that consolidation would be more appropriate, but that the Viacom Defendants have not agreed to consolidation. Gibson also asserts, somewhat disingenuously, that it is not at liberty simply to withdraw its claims in this action, because the Viacom Defendants have answered and pleaded counterclaims. Gibson has not indicated, however, that it has inquired whether the Viacom Defendants would withdraw their counterclaims in this action if Gibson withdrew its complaint, nor does Gibson otherwise indicate that it would be prejudiced by withdrawal of this action in favor of the '279 Action, even though the amendment in that action naming the Viacom Defendants was filed two weeks after the complaint in this action.

In any event, no party disputes that the claims made in this suit are completely identical to and redundant of the claims asserted against—and by—these same Viacom Defendants in the '279 Action. Further, it is clear that a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). As the Second Circuit observed in *Curtis*:

> As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). . . . The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion. *See Colorado River*, 424 U.S. at 817; *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183–84 (1952). . . .
>
> The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic*, 154 U.S. 118 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* at 124. The two doctrines serve some of the same policies. The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg.*, 342 U.S. at 183. The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam* [*v. Jacobs*], 950 F.2d [89,] 93 [(2d Cir. 1991)].
>
> Similarly, while the doctrine of claim preclusion serves the interest of society and litigants in assuring the finality of judgments, it also fosters judicial economy and protects the parties from vexatious and expensive litigation. Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.

*Id.* at 138–39 (some internal citations omitted). *See also Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (" 'As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.' " (quoting *Colo. River*, 424 U.S. at 817)).

This Court will not allow duplicative litigation to proceed. Under the circumstances presented here, the Court has several options for resolving the problem: (1) stay or dismiss this action; (2) stay or dismiss the claims set forth against the Viacom Defendants in the amended complaint in the '279 Action; or (3) consolidate the actions.

With respect to these options, the Court finds that simple consolidation is not appropriate. As the Viacom Defendants point out in their reply brief in support of dismissal of the claims against them in the '279 Action, mere consolidation would not "eliminate the redundancy. . . ; it simply means that the Court and the parties will need to address *consolidated* redundant claims." (Doc. No. 77, at 6.) Moreover, the procedural rule for consolidation refers to actions that merely involve "common questions of law or fact," Fed. R. Civ. P. 42(a), rather than to actions that overlap entirely. *Cf. Twaddle v. Diem*, 200 Fed. Appx. 435, 438 n. 4 (6th Cir. 2006) (noting that "consolidation does not merge the suits into a single action,

change the rights of the parties, or make parties in one suit parties in the other." (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933) (interpreting predecessor of Rule 42(a))). A stay of either action would likewise not eliminate the redundancy problem, and would in any event ultimately result in a dismissal of whichever action was stayed based upon *res judicata* principles because, of necessity, a substantive ruling entered in either case, to the extent it involved the Viacom Defendants, would have preclusive effect in the other.

It is apparent to the Court that dismissal of the redundant claims is appropriate. The only real question is whether to dismiss this suit in its entirety, or to maintain this suit and dismiss the duplicative claims asserted in the '279 Action. The Court is cognizant that the general "rule of thumb" is to maintain the first-filed action and dismiss the second action that is duplicative of the first. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). This action is, with regard to the Viacom Defendants, the first-filed action even though it was filed after the '279 Action, because it was filed prior to the amended complaint in that action and relation-back principles would not apply. *See* Fed. R. Civ. P. 15(c) (providing that an amendment to a complaint relates back to the original filing date only (but for some inapplicable exceptions) when "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading").

Notwithstanding, there is no indication in the record that either party would suffer prejudice as a result of dismissal of the present action. Moreover, there are no claims, parties or arguments before the Court in this action that are not also present in the '279 Action, while there are claims, parties and arguments at issue in that case that are not present here. Discovery and even entry of a case management order have been deferred in this case but not in the other. For all of these reasons, the Court finds that it makes more sense to dismiss this action in favor of the '279 Action. If Gibson believes it will be prejudiced in some way by dismissal of this action as a result of its having been filed sooner than the amendment in the '279 Action, it can seek reconsideration of this decision. Further, if the Court has overlooked some nuanced distinction between the two cases, the parties will be free to supplement their filings in the '279 Action as necessary.

Accordingly, although no motion to dismiss is pending in this case, the Court hereby, in the interest of judicial economy and efficiency, **DISMISSES** *sua sponte* all claims and counterclaims pending

in this action **WITHOUT PREJUDICE** and in deference to the parallel action also before this Court in which the same claims and counterclaims are pending. All pending motions in this case are hereby rendered moot.

    It is so **ORDERED**.

 

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

in this action **WITHOUT PREJUDICE** and in deference to the parallel action also before this Court in which the same claims and counterclaims are pending. All pending motions in this case are hereby rendered moot.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge